Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

Attorneys for plaintiff
    Darrell Wiley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WILEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and Does 1-30, inclusive,<br><br>    Defendants.<br>_____/ | No.<br><br>**COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND RELATED CLAIMS** |

    Comes now the plaintiff, demanding a trial by jury, and alleging of defendants as follows:

**JURISDICTION**

1. Diversity jurisdiction arises under 28 U.S.C. 1332.

**FACTUAL ALLEGATIONS RELATED TO JURISDICTION**

    2. Darrell Wiley purchased a Disability Income Policy of insurance from defendant Unum Life Insurance Company which became effective August 16, 1983. At that time Mr. Wiley was a resident of this judicial district. Because of the disability alleged herein, Mr. Wiley was compelled to relocate to Utah for financial reasons. He currently resides in Utah.

Complaint                                          1

3. Defendant Unum Life Insurance Company of America is incorporated under the laws of the State of Tennessee, and has its home office in Portland, Maine.

4. The policy pays a monthly benefit of $1500. during periods of disability. Mr. Wiley is currently receiving that monthly benefit due to disability, and he is eligible to continue receiving monthly benefits in that amount. If the disability is due to an "accident," and disability commenced prior to age 65 (both of which are true), then payments are payable for the remainder of Mr. Wiley's life. If the disability is due to "sickness," then payments end on the policy anniversary when Mr. Wiley reaches the age of 65. The payments which are likely to fall due after age 65 exceed the amount necessary to establish diversity jurisdiction.

**GENERAL ALLEGATIONS**

5. By letter dated December 27, 2018, Unum notified Mr. Wiley that it had determined that his disability arose from "Sickness" as defined in the policy. In fact, the disability arose from an automobile collision, which occurred in 1996, and for which he was disabled until 1998. Unum paid Mr. Wiley benefits under this policy for this disability, but failed to consider the material in that claim file when evaluating the cause of his present disability. While Mr. Wiley returned to work at that time, he never fully recovered, and the automobile collision is the primary source of his current disability. The determination that Mr. Wiley's current disability is the result of a "sickness," repudiates the obligation to make payments after the policy anniversary following Mr. Wiley's 65th birthday. The parties dispute whether or not the policy anniversary following Mr. Wiley's 65th birthday is April 3, 2020 or August 16, 2020.

6. On February 27, 2019, Unum notified Mr. Wiltey that his benefits were currently being paid under the Sickness provision of his policy, and that benefits were payable until April 3, 2020 as long as he remained totally disabled due to sickness and continue to meet the requirements of his policy. However, the policy states that it is issued and effective on August 16, 2020, which

would appear to be its anniversary date.

**FIRST CLAIM FOR RELIEF - DECLARATORY RELIEF**

7. Plaintiff incorporates paragraphs 1-6 herein.

8. Mr. Wiley's disability originated with an accident, and he is entitled to a declaration that he is entitled to the benefits payable for accidental injury.

Wherefore, Mr. Wiley prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF - BREACH OF CONTRACT**

9. Plaintiff realleges paragraphs 1-6 herein.

10. Mr. Wiley has performed all things required of him under the contract.

11. Defendant Unum breached the contract by its determination that Mr. Wiley's disability is the result of sickness as opposed to accident, and defendant repudiated the contract by announcing on February 19. 2019 that it would stop payments when Mr. Wiley reaches age 65, as set forth in paragraphs 5 and 6, supra.

15. Mr. Wiley is entitled to all of the monthly payments which come due April 3, 2020, and he is entitled to accelerate all payments due after that date.  Average life expectancy for a 65 year old individual is approximately 18 years. The payments due over that 18 year period are approximately $324,000.

16. Mr. Wiley is dependent upon the disability insurance policy to make up part of

Complaint                                    3

his income loss. Unum knew, at the time it issued the policy and all times thereafter, that Mr. Wiley relied upon Unum to replace some of his income in the event he was disabled, and that, if he had a valid claim under the policy, it would come at a time when he was particularly susceptible to stress and harm if Unum failed to pay the amount due. Mr. Wiley has in fact suffered the typical emotional distress associated with a failure of a disability insurer to pay benefits when due, and suffered consequential damages in an amount subject to proof at trial and estimated at $300,000.

Wherefore, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF - BAD FAITH

17. Plaintiff realleges paragraphs 1-16 as if they were set forth herein.

18. The actions of Unum in denying the disability claim for the June, 2013 to January 2015 time period was unreasonable, and in bad faith because:

A. Unum failed to credit the reliable reports of treating physicians;

B. Unum failed to take reasonable efforts to assure that the physicians which reviewed matters for Unum were fair and impartial, and used proper medical judgment;

C. Unum's reasoning is that it is unable to determine the precise etiology of the loss. While it is the insured's burden to show disability, it is the insurer's burden of proof to show limitations and exclusions from coverage. Accordingly, if Unum is unable to determine the etiology of the loss, then the loss should be classified as the result of accident, not sickness.

19. As a proximate result of the foregoing, Mr. Wiley has been damaged by the need to retain counsel for and prosecute this lawsuit, and he has been subject to the typical types of stress

which occur when disability insurers unreasonably deny claims. The reasonable value of the attorneys' fees to prosecute this case are not now known with certainty but are estimated at $250,000.

20. The actions of defendant have been willful and oppressive, and done with the knowledge that defendants were not acting in a reasonable fashion, and that the actions of defendant was substantially certain to harm Mr. Wiley, so as to justify the imposition of punitive damages according to proof or in the sum of $1,000,000. The actions of defendant as alleged herein were the result of systemic practices established and encouraged by management of Unum, and Unum has a history of engaging in these and similar improper practices.

Wherefore, plaintiff prays for relief as set forth below.

**Prayer for Relief**

Wherefore, plaintiff prays for relief as follows:

1. For benefits due from April 3, 2020, until the death of the plaintiff, at the rate of $1500. per month, and acceleration of those payments in the total amount of approximately $324,000;

2. For general damages of $300,000 or according to proof;

3. For punitive damages of $1,000,000 or according to proof;

4. For attorneys fees for the costs of proving the claim for breach of contract in the approximate sum of $200,000. or according to proof;

Complaint                                              5

5. For a declaration that Mr. Wiley's disability is due to accident.

6. For costs of suit herein; and

7. For such other relief as the Court deems just and proper.

Dated:  May 21, 2019

        /s/ Laurence F. Padway
        Laurence F. Padway
        Attorney for plaintiff

## DEMAND FOR JURY TRIAL

Comes now plaintiff, Darrell Wiley, requesting trial by jury of all issues so triable.

Dated: May 21, 2019    /s/ Laurence F. Padway
        Laurence F. Padway
        Attorney for plaintiff
        Darrell Wiley