UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL WILEY,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

Case No. 3:19-cv-02756-WHO

**ORDER ON MOTIONS IN LIMINE**

Re: Dkt. Nos. 105, 106, 107

Plaintiff Darrell Wiley and defendant Unum Life Insurance Company of America ("Unum") have each filed several motions in limine in advance of an upcoming trial. My resolution of those motions follows.[1] This Order assumes familiarity with the record.

**I. UNUM'S MOTIONS**

**1. Motion in Limine No. 1: Limit the Testimony of Michael Moskowitz**

Unum moves to limit the opinions that can be offered by Dr. Michael Moskowitz, a medical doctor and one of Wiley's experts. *See* Defendant's Motions in Limine ("Unum MIL") [Dkt. No. 105] 2–4.

Moskowitz is qualified to opine about how the injuries in 1996 caused Wiley's disability so long as his opinions stem from psychiatry and pain management; those are his areas of expertise, so he is confined to opining within them. *See* Fed. R. Evid. 702; *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006). Moskowitz may not offer opinions about things like the way the mortgage industry works, claims management, or anything else that does not come from his medical expertise. *See Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828,

[1] Wiley's unopposed administrative motion to permit late filing (Dkt. No. 107) is GRANTED.

United States District Court
Northern District of California

United States District Court
Northern District of California

839 (9th Cir. 2011). Which side of the line more particular evidence falls on will be addressed at trial if there is a dispute.

**2. Motion in Limine No. 2: Limit the Testimony and Opinions of Non-Retained Experts**

Unum moves to limit the testimony of chiropractors Thomas Forest and Greg Call and orthopedic surgeon Ronald Wyatt. Unum MIL 5–8. Wiley argues that they are all qualified to opine about diagnoses of the causes of Wiley's disability. Opposition to the Unum MIL ("Unum Oppo.") [Dkt. No. 120] 2–6.

All three of these individuals treated Wiley. They may testify to their treatment of Wiley and the basis for it—that is, the reasons they took the treatment steps they did. None of them, however, are neurologists, neurosurgeons, or the like. It is unclear now what precisely the metes and bounds of their opinions will be. If they lapse into opining about matters other than their treatment and the basis for it, I will sustain objections at trial. *See* Fed. R. Evid. 702; *Sandoval-Mendoza*, 472 F.3d at 655.

**3. Uncontested Motions in Limine (Nos. 3, 4, and 5)**

Unum moves to exclude evidence of "bad faith" by Unum in adjudicating Wiley's claim, reference to attorney's fees and costs, and references to damages aside from those that would be awarded under the policy. Unum MIL 11–14. Wiley agrees that evidence relating only to bad faith is irrelevant now that the covenant of good faith and fair dealing claim has been dismissed. Unum Oppo. 6. He also agrees that references to attorney's fees and costs and issues relating to damages are not for the jury. *Id.* I agree with both parties: this evidence is not relevant and will be excluded.

**II. WILEY'S MOTIONS**

**1. Motion in Limine No. 1: Exclude Testimony of Holmberg**

Wiley moves to exclude the testimony of Dr. Trent Holmberg, who performed a psychiatric evaluation of Wiley for this case. *See* Plaintiff's Motions in Limine ("Wiley MIL") [Dkt. No. 106]. The motion is DENIED.

First, Wiley seeks to exclude Holmberg for violating the parties' stipulation banning

"standardized testing" and "survey instruments" and for interviewing Wiley's wife. To start, it is not clear that Holmberg did anything inappropriate. The stipulation permitted him to administer symptom surveys that he designed; it appears he did so by combining questions from pre-existing sources. And Wiley consented to the interview with his wife. Wiley, moreover, has not pointed to anything inappropriate about the tests themselves or how Wiley would suffer any cognizable prejudice if they were presented to the jury.

Second, Wiley argues that Holmberg's opinions fail under *Daubert*. Holmberg intends to opine that Wiley suffers from a disorder. He is qualified to do so. So long as he faithfully followed established diagnostic procedures and criteria, that opinion will presumably be reliable under *Daubert*. *See* Fed. R. Evid. 702; *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). Wiley has pointed to nothing concrete that undermines this conclusion. Wiley's motion cobbles together some portions of depositions, apparently to show the opinions are speculative. It is unclear how that is so from these out-of-context snippets. If Holmberg does not lay a sufficient foundation at trial, Wiley may raise his objection again. But so long as he reasonably applied established and reliable diagnostic techniques, he will likely be able to testify.

**2. Motion in Limine No. 2: Exclude Testimony of Alan Shonkoff**

Wiley moves to exclude the testimony of Dr. Alan Shonkoff, a neuropsychologist who examined Wiley for a previous lawsuit. Wiley MIL 8–9. The motion is DENIED. Wiley argues that the testing data underlying Shonkoff's report is not available. But Shonkoff's report is from 1998 and was in Wiley's possession prior to this lawsuit. It is Wiley's contention that the injury caused his current injuries; contemporaneous evidence is likely to shed light on that claim. Wiley had or has the best access to Shonkoff's findings and reasons, and could have examined him about them. And because he has the report, this is not a situation in which all information is unavailable. The issues about the lack of underlying materials that Wiley raises with specificity such as the Kaiser Permanente report are for cross-examination, not exclusion at this stage.[2] To the extent

[2] The same conclusion applies to Dr. Cole, one of Wiley's experts, who no longer has his original materials from 1996. In these circumstances, both may testify.

Wiley's argument is that Shonkoff did not produce a declaration that complies with the Federal Rules of Civil Procedure, he was not required to do so. *See* Fed. R. Civ. P. 26(a)(2)(B); *Carr v. Cty. of San Diego*, No. 19-CV-1139 JLS (MDD), 2021 WL 4244596, at *4 (S.D. Cal. Sept. 17, 2021).[3]

**3. Motion in Limine No. 3: Experts That Reviewed Materials After January 2017**

Wiley moves to exclude the testimony of Joseph Antaki, John Szlyk, and Lloyd Price because they did not file expert declarations but could testify only as retained experts. Wiley MIL 10–12. The parties agree on the basic framework that "if the witness is testifying premised on his or her personal knowledge based on his or her own involvement in the dispute, he or she is a non-retained expert subject to the disclosure requirements of Rule 26(a)(2)(C), but a witness with no prior personal knowledge of the facts giving rise to the litigation is a retained expert subject to the disclosure requirements of Rule 26(a)(2)(B)." *Carr*, 2021 WL 4244596, at *4; *see also* Wiley MIL 10–11 (citing this case); Dkt. No. 122 (Unum's supplemental brief citing cases). They dispute how that framework should be applied.

The witnesses here are unique because of why they were involved in the case—they reviewed Wiley's file for Unum—but they have no first-hand knowledge of the *underlying* facts—their knowledge is all gained from reviewing the filings and medical records. Accordingly, I conclude that they are better classified as experts who were required to file reports. *Cf. Carr*, 2021 WL 4244596, at *4 (holding that officer who formed opinions based on body camera footage and files was required to file report).

This is not a case, like many cited by Unum, in which merely being an employee of Unum would create some specialized, relevant knowledge on its own to which they could testify. The question is about the cause of Wiley's disability, not about how Unum processed his claim. Lacking first-hand knowledge of the facts, these witnesses would need to be experts to testify about the results of their review of Wiley's file and medical records. (And then they would need

[3] Wiley makes an undeveloped argument that Shonkoff's testimony will undermine a nebulous privacy right. It is unclear how as this report was produced for prior litigation on this topic and is now being used for that same essential purpose here. And Wiley never offers a source of law from which a more specific legal test can be employed.



United States District Court
Northern District of California

to show why they were not cumulative, given Unum's medical experts, but that is of no moment because they did not file expert declarations.) The motion is GRANTED.

**4. Motion in Limine No. 4: Exclude Testimony of Steven Feinberg**

Wiley moves to exclude the testimony of Dr. Steven Feinberg, who was disclosed as a rebuttal expert to Wiley's medical doctor expert. Wiley MIL 12. The motion is DENIED. First, Wiley argues that Feinberg is not qualified to rebut Moskowitz's opinions because they are different types of experts. But both experts have been retained to testify about the cause of the disability, so they are sufficiently well-matched to meet the low bar of relevance. Second, Wiley argues that Feinberg's evidence is cumulative to Holmberg's. But while Holmberg has only been retained to testify about a mental examination, while Feinberg has been retained to testify about pain medicine. That does not meet the high bar for excluding evidence as cumulative under Federal Rule of Evidence ("FRE") 403.

**5. Motion in Limine No. 5: Mentioning Opiates or Cannabis**

Wiley moves to exclude testimony that he was prescribed or took opiates or cannabis. Wiley MIL 12–13. The motion is largely DENIED. These substances were part of Wiley's treatment; they may be raised to the same extent as any part of his treatment may. That said, Unum must be careful to raise them only in this limited way; an excessive number of references could become unduly prejudicial under FRE 403 and using them to attack Wiley's credibility for mere use would be improper.

**6. Motion in Limine No. 6: Mentioning Social Security Disability Award**

Wiley moves to exclude testimony that he was awarded Social Security disability. Wiley MIL 13. The motion is GRANTED. Reference to the award does not tend to make any fact more or less likely and is, therefore, irrelevant. Fed. R. Evid. 401, 402. Unum argues that the administrative law judge's reasoning and decision may be relevant. It is not. It is up to the jury to determine the cause of the disability based on the evidence it hears, not to rely on an un-cross-examined opinion of an administrative judge in a separate proceeding.

**7. Motion in Limine No. 7: Mentioning Wiley's Assets or Earnings**

Wiley moves to exclude testimony about the "specific amount[]" of his assets or earnings

United States District Court
Northern District of California

as irrelevant. This evidence, however, may be relevant to the question of whether Wiley's disability comes from the 1996 accident—it may shed light, for instance, on how successfully he was able to work afterward. It may be used to that limited extent. If Wiley introduces evidence of financial hardship, it may also be relevant rebuttal evidence.

**8. Motion in Limine No. 8: Mentioning Wiley's Disability Insurance or Lawsuit**

Wiley moves to exclude testimony that he has disability insurance or that he filed a lawsuit about that policy. Wiley MIL 8. Unum does not oppose this motion and will not raise this evidence. Dkt. No. 119 at 24 (Unum opposition brief).

**IT IS SO ORDERED.**

Dated: May 12, 2022



William H. Orrick
United States District Judge