United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7     DARRELL WILEY,                                 Case No. 3:19-cv-02756-WHO

8                       Plaintiff,

9           v.                                        **ORDER EXPLAINING JURY INSTRUCTION**

10    UNUM LIFE INSURANCE COMPANY
      OF AMERICA,

11                      Defendant.

12          This Order explains my resolution of a disputed jury instruction.

13          Plaintiff Darrell Wiley proposed a jury instruction about contract interpretation to which

14    defendant Unum Life Insurance Company of America ("Unum") objected. *See* Dkt. Nos. 110,

15    115. The instruction Wiley proposed is improper. Contract interpretation is a matter of law for

16    the court, not the jury. *Merced Mut. Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 45 (1989).

17          I drafted an instruction about causation to address the parties' principal disagreement and

18    invited the parties to file briefs on it, which they have done. Unum does not object to my use of a

19    proximate cause test. *See* Dkt. No. 125. Wiley does, arguing that "any" contribution of the injury

20    suffices. *See* Dkt. No. 126.

21          A proximate cause test is appropriate. To the extent that Unum previously suggested that

22    injury needed to be the sole cause, I disagree. The insurance policy contemplates that a covered

23    disability can stem from multiple causes. *See* Dkt. No. 73-4 at 9 ("If, in any month, your disability

24    is the result of concurrent causes for which the Monthly Benefit is payable, we will pay the

25    Monthly Benefit which is more favorable to you."); *Kerns v. Nw. Mut. Life Ins. Co.*, No.

26    2:08CV02016GEBKJM, 2010 WL 2195810, at *3 (E.D. Cal. May 27, 2010). Unum's acceptance

27    of the proximate cause standard has now resolved that issue.

28

1    I also reject Wiley's position that an injury only need make "any contribution" to receive

2  lifetime coverage.  While the policy does not state a standard, insurance contracts have a thick

3  statutory overlay: the Insurance Code generally provides coverage when the covered event is the

4  proximate cause, not just a remote cause.  *See* Cal. Ins. Code § 530.  In an analogous situation in

5  which there are concurrent causes, the California Supreme Court has understood that insurance

6  policies cover proximate ones.  *See State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94,

7  104 (1973).  It also makes sense that the parties would intend to cover proximate causes both

8  because that is the law's usual cause standard and because a lesser standard would impose liability

9  on remote contributing factors.

10    Wiley's counterargument depends on the general principle that ambiguities in insurance

11  contracts are to be interpreted in favor of the insured.  But that principle has limits; the ambiguity

12  must still be a reasonable interpretation of the contract.  Here statutes and caselaw have

13  established background principles, the policy does not indicate intent to displace them, and a

14  lower standard would lead to odd results.

15    Unum also proposed tweaking the language from "accident" to "injury."  The policy uses

16  both terms at various places and it is unclear whether or why it would make a difference.  We can

17  discuss this at the time of trial if Wiley has any objection.

18    Accordingly, I will use the jury instruction I proposed to the parties (with or without

19  Unum's proposed change), based on CACI Instruction No. 2306 and adding the formulation of a

20  "substantial factor" to mean proximate cause.[1]

21    **IT IS SO ORDERED.**

22  Dated: May 18, 2022



23  William H. Orrick
    United States District Judge

24

25

26

27  [1] Wiley objects that using an excluded risk instruction is inappropriate.  But that type of
    instruction speaks of the "predominant" cause of the loss, while I conclude that any proximate
28  cause (not just the predominant one) is sufficient, so the objection is misplaced.  Unum's
    acceptance of proximate cause forfeits any argument that the standard should be *more* demanding.

2

United States District Court
Northern District of California